UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RUFUS BURKHALTER**                                       **CIVIL ACTION**

**VERSUS**                                                 **No. 06-9253**

**STATE FARM FIRE AND**                                    **SECTION: "C" (5)**
**CASUALTY COMPANY AND**
**CHRIS CARAMONTA INSURANCE**
**AGENCY, INC.**

## ORDER

The Court previously ordered briefing by the plaintiff on whether the jurisdiction amount existed at the time of removal and whether the Chris Caramonta Insurance Agency, Inc. ("Caramonta") was fraudulently joined (Rec. Doc. 3).[1] In response to the Court's order, the plaintiff filed a memorandum that simply stated that the jurisdictional minimum was met and that Caramonta was not fraudulently joined (Rec. Doc. 8).

### 1. JURISDICTIONAL AMOUNT

In order to remain in federal court, the removing party must prove by a

---

[1] The defendants were not ordered to brief these issues because the Court felt that they sufficiently stated their positions in the Notice of Removal.

preponderance of the evidence that the jurisdictional minimum exists. *Asociacion Nacional de Pescadores A Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994). This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.*

The defendant, State Farm Fire and Casualty Company ("State Farm"), asserts that the jurisdictional minimum is met, because the plaintiff claims that State Farm is liable for the "total loss" of the dwelling pursuant to La.R.S. § 22:695, i.e. Valued Policy Law ("VPL"). The plaintiff's complaint alleges that his home was rendered a total loss by a covered peril and that he is entitled to his policy limits and a 25% increase in his coverage limits. State Farm avers that the policy limits are more than $75,000. Also, there is no evidence that State Farm has paid the petitioner any amounts on the policy. Therefore, the Court is satisfied that State Farm has met its burden to show that the amount in controversy exceeds the jurisdictional minimum.

## 2. FRAUDULENT JOINDER

The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit. To demonstrate fraudulent joinder, the party

seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)). Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545). This, "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. . ."

3

*Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568, 572 (5th Cir. 2004) (en banc); see also, *Melder v. Allstate Corp.*, 404 F.3d 328. 330 (5th Cir. 2005) ("[A]t issue is whether Defendants have established there is no reasonable basis Plaintiff might be able to recover under Louisiana state law against the non-diverse defendant. . .")  A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder. *Id.*, 385 F.3d at 572.

The Court's determination can be made in two ways: (1) by undertaking a Rule 12(b)(6) - type analysis to determine whether the complaint states a claim against the in-state defendant or (2) whether a claim has been stated by misstated or omitted discrete facts determinative of the propriety of joinder, minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

In its Notice of Removal (Rec. Doc. 1), State Farm claims that the Louisiana defendant, Caramonta, was fraudulently joined so as to defeat removal.  According to State Farm, any claims against Caramonta are perempted and Caramonta did not owe the plaintiff the duties that he alleges were owned.

State Farm alleges that the claims against Caramonta are perempted under La.R.S. § 9:5606.[2] In his petition, the plaintiff claims that the insurance policy in question was issued or renewed after January 1, 1992. See, Rec. Docs. 1. The plaintiff did not file his lawsuit until August 2006. As a result, it appears that any causes of action that the plaintiff may have had against Caramonta are perempted by the three year peremption of La.R.S. § 9:5606.

The plaintiff alleges that the policy was in effect at the time that Hurricane Katrina struck, i.e. August 29, 2005. Thus, he obviously renewed his policy every year since it was originally purchased. In general, renewals of insurance policies do not operate to restart peremptin. *Southern Athletic Club, LLC v. Hanover Ins. Co., et. al.*, 2006 WL 2583406, at *3 (E.D.La.) (citing, *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at *8 (E.D.La.)). However, renewals can be the basis of separate torts, if the complained of conduct constitutes separate and distinct acts, which give rise to immediately apparent damages. *Biggers v. Allstate Ins. Co.*, 04-282 (La. App. 5 Cir. 10/26/04) 886 So.2d 1179,

---

[2] La.R.S. § 9:5606 provides in relevant part:
   A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

1182.  The inquiry is whether the actions of the insurance agent at the time of renewal can be construed to constitute an act separate from the initial policy procurement.

Here, there are no allegations that the plaintiff relied on any statements or actions by Caramonta regarding his coverage at the yearly renewal periods.  All of the allegations in the petition refer to Caramonta's actions in procuring the policy.  Thus, there are no allegations which support the contention that the yearly policy renewal periods restarted the peremption period.  As a result, it appears that Caramonta was fraudulently joined to this action.

Accordingly,

The Court is satisfied that it has jurisdiction to hear this action under 28 U.S.C. § 1332.

New Orleans, Louisiana, this 23rd day of March, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE