UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RUFUS BURKHALTER                                   CIVIL ACTION

VERSUS                                             No. 06-9253

STATE FARM FIRE AND                                SECTION "C"
CASUALTY COMPANY AND
CHRIS CARAMONTA INSURANCE
AGENCY, INC.

ORDER AND REASONS

Before this Court is a Motion to Dismiss filed by defendant, Chris Caramonta Insurance Agency, Inc. ("Caramonta") (Rec. Doc. 13). The plaintiff, Rufus Burkhalter ("Burkhalter"), does not oppose the motion.[1] The motion is before the Court on the briefs, without oral argument. Having considered the memorandum of counsel, the record, and the applicable law, the Court finds that the Motion to Dismiss is **GRANTED.**

---

[1] Local Rule 7.5 requires oppositions to motions to be filed no later than eight calender days prior to the noticed hearing date. This motion is noticed for hearing on June 27, 2007. Therefore, any opposition was due on June 19, 2007.

To prevail on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the moving party must show that the "plaintiff can prove no set of facts which would entitled it to relief." *Baton Rouge Bldg, & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1991). Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. U.S.*, 74 F.3d 656, 659 (5th Cir. 1996) (citations omitted).

In this case, Burkhalter complained that Caramonta, an insurance agent, breached a fiduciary duty by failing to advise him to obtain flood insurance. This Court previously determined that Caramonta was improperly joined. See, Rec. Doc. 10. The Court found that any claims against Caramonta regarding the purchase of the insurance policy were perempted by Louisiana Revised Statute 9:5606. See, Rec. Doc. 10. Thus, Burkhalter did not state a claim against Caramonta for which relief can be granted.

Accordingly,

IT IS ORDERED that Caramonta's Motion to Dismiss is **GRANTED**.

New Orleans, Louisiana, this 25th day of June, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE