UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUFUS BURKHALTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-9253** |
| **STATE FARM FIRE AND CASUALTY COMPANY AND CHRIS CARAMONTA INSURANCE AGENCY, INC.** | **SECTION "C" (5)** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment to Determine the Inapplicability of the Valued Policy Law, filed by State Farm Fire and Casualty Company ("State Farm") (Rec. Doc. 38). Rufus Burkhalter ("Plaintiff") opposes the motion. Having considered the record, the applicable law, and the parties' arguments, the motion is **DENIED**.

### I. Background

The Plaintiff brought this action following Hurricane Katrina to recover monies allegedly due under an insurance contract. In their motion, State Farm argues Louisiana's Value Policy Law ("VPL") should not apply to Plaintiff's property because it was not rendered a total loss by a covered peril. First, State Farm alleges that Plaintiff's homeowner's policy clearly and unambiguously excludes losses due to flood. Indeed, State Farm urges the Court to recognize that State Farm is only responsible for covering damage exclusively by wind under the policy.

1

Additionally, State Farm argues that Louisiana's VPL only requires an insurer to pay the agreed face value of the insured property if the property is rendered a total loss from a covered peril. In opposition, Plaintiff argues that the property is a total loss because the cost to repair exceeded the value of the property following Hurricane Katrina. In addition, Plaintiff asserts that the damage caused by Hurricane Katrina is a "covered peril" under the policy because the property had already been rendered a total loss by wind and rain before any flood waters entered the home.

## II. STANDARD OF REVIEW

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d

1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 884-85 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). The "initial burden" imposed on the moving party has two parts: the burden of production and the ultimate burden of persuasion. *Celotex Corp.*, 477 U.S. at 330. The manner in which the moving party may satisfy the burden of production "depends upon which party will bear the burden of persuasion on the challenged claim at trial." *Id.* at 331.

### III. Law & Analysis

The Fifth Circuit has interpreted Louisiana law holding, "[w]hen the cost to repair exceeds the value of the property, the property is considered a total loss." *Real Asset Management, Inc. v. Lloyd's of London*, 61 F.3d 1223, 1229 (5th Cir. 1995) (citing *Dumond v. Mobile Ins. Co.*, 309 So.2d 776, 778 (La.Ct.App. 3d Cir. 1975); *Bennett v. Emmco Ins. Co.*, 215 So.2d 518 (La.Ct.App. 4th Cir. 1968)). In this matter, Plaintiff has alleged that his home was rendered a total loss due to wind and rain damage, which are covered perils. In addition, the Plaintiff has alleged that the cost of repair exceeded the value of the property following the storm. The Court finds that State Farm, as the party moving for summary judgment, has not carried the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).[1]  Accordingly,

---

[1] The expert report State Farm has proffered for the Court's review is evidence that flooding damaged the Plaintiff's property. However, the report does not preclude the possibility that the home was rendered a "total loss" by wind and rain before the flood occurred.

3

summary judgment is not appropriate.

## IV. Conclusion

In light of the foregoing,

IT IS ORDERED that State Farm's Motion for Summary Judgment to Determine the Inapplicability of the Valued Policy Law is **DENIED** (Rec. Doc. 38).

New Orleans, Louisiana, this 9th day of April, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE